DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

GUISEPPE PINO BALDASSARE, ROBERT
MOUALLEM, and MALCOM STOCKDALE,

    Defendants.
-----------------------------------------------------------------X

11-CV-5970 (ARR)(VVP)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER

ROSS, United States District Judge:

The court has received the Report and Recommendation on the instant case dated April 15, 2014, from the Honorable Viktor V. Pohorelsky, United States Magistrate Judge. No objections have been filed.[1] Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-1930682 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Having reviewed the record, I find no clear error. I hereby adopt the Report and Recommendation, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Therefore, plaintiff Securities and Exchange Commission's motion for a default judgment against defendant Malcolm Stockdale is granted. Stockdale is enjoined from committing further violations of the federal securities laws and from engaging in future offerings of penny stock. Judgment is entered against Stockdale for a civil penalty in the amount of

---

[1] Judge Pohorelsky ordered plaintiff to serve a copy of the Report and Recommendation on defendant Stockdale by overnight mail and file proof of such service in the record. Plaintiff was initially unable to obtain an address for Stockdale. Dkt. #44. On April 24, 2014, plaintiff e-mailed a copy of the Report and Recommendation to an e-mail address believed to be used by Stockdale, and Stockdale responded and acknowledged receipt on May 1, 2014. Dkt. #46. Accordingly, Stockdale's deadline to file objections was May 15, 2014.

1

$50,000. Stockdale is liable for disgorgement of $20,335, representing profits gained as a result of the unlawful conduct, together with prejudgment interest in the amount of $2,643.55, for a total of $22,978.55, which liability is deemed fully satisfied by the forfeiture order entered against Stockdale and his co-defendants in the parallel criminal proceeding. See United States v. Stockdale, 11-CR-801 (JBW).[2]

Counsel for plaintiff is directed to serve a copy of this Order on Stockdale and file proof of such service in the record. Since final judgments have already been issued as to the other two co-defendants, Dkt. #36 & 37, the Clerk of Court is directed to enter judgment against Stockdale pursuant to this Order and close the case.

SO ORDERED.

/s/(ARR)
Allyne R. Ross
United States District Judge

Dated:　　May 28, 2014
　　　　　　Brooklyn, New York

---

[2] Judge Pohorelsky recommended that Stockdale be held liable for disgorgement of ill-gotten profits only if plaintiff supplemented the record with evidence, by affidavit or otherwise, to establish a factual basis for the requested relief. Plaintiff filed an affidavit and supporting exhibits, Dkt. #45. Having reviewed the submissions, the court finds that this evidence establishes a sufficient factual basis for plaintiff's requested relief, and the court therefore accepts Judge Pohorelsky's recommendation to enter a disgorgement order. Judge Pohorelsky left it to this court's discretion to determine whether this amount should be deemed fully satisfied by the forfeiture order in the parallel criminal proceeding. The court has already issued judgments as to Stockdale's co-defendants ordering that the criminal forfeiture order satisfies their liability for disgorgement, Dkt. #36 & 37, and finds the same order to be appropriate as to Stockdale.

2